AFFIRM; Opinion Filed December 5, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00504-CR

## MICHAEL JOSHUA BUSCHARDT, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause No. F09-72104-X

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

Appellant Michael Joshua Buschardt pleaded guilty to possession with the intent to deliver

gamma hydroxybutyrate (GHB). Before entering his plea, Buschardt filed a motion to suppress,

which the trial court denied. In a single issue on appeal, Buschardt asserts the trial court erred by

denying his motion to suppress because the police violated his Fourth Amendment rights when they

entered a hotel room he was in without a warrant.[1] The background and facts of the case are

well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues

---

[1] Appellant filed a supplemental brief, which, along with the parties' original briefs, was considered as part of the Court's analysis.

are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The only evidence presented at the hearing on Buschardt's motion to suppress was the testimony of Officer Fabian Hernandez of the Dallas Police Department. He testified to the following facts. On March 20, 2009, at approximately 3:27 a.m., Hernandez received a call from the police dispatch "regarding a person calling in saying a friend was being held against their will by a few dope dealers" at the Crowne Plaza Hotel.[2] The Crowne Plaza Hotel is located in an area "known for drug dealing and prostitution," a "high crime area."

Hernandez and another police officer went to the hotel, knocked on the hotel room door several times, and announced "police." When no one answered, the hotel clerk retrieved a key to the room. Hernandez was asked: "What did this [the failure of anyone to answer the door] do to your belief someone might be in danger or in need of - - you might need to protect their life or avoid serious bodily injury? Did that increase it or decrease it?" He responded: "It increases."

When the hotel clerk returned with the room key, the officers knocked on the door again and, when no one answered, the hotel clerk gave the key to the officers who attempted to open the door. The door opened slightly because it also was locked from the inside; the clerk retrieved a second key. After unlocking the second lock, the officers entered the room.

When the officers entered the room, they announced themselves again. Appellant "came out from the room, from the back of the room." The officers saw a "green leafy substance in bags,

---

[2] Both parties state in their briefs the call was anonymous. No evidence was presented at the hearing about the identity of the caller.

scales. . . . He had gloves on his hands, so I proceeded to tell him to sit on the chair." Later a search warrant was executed.[3]

Hernandez answered affirmatively when asked whether he believed "that you had to act to protect or preserve life or avoid serious bodily injury" of a person being held against his will and when asked if he was "acting immediately in response to this situation."

On appeal, appellant only argues the "anonymous tip was insufficient to support a reasonable belief that Officer Hernandez needed to act immediately to protect or preserve life or avoid serious bodily injury."

When, as here, the trial court does not make findings of fact, we review the evidence in the light most favorable to the trial court's ruling. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). We "assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion." *Id.* at 328. However, we review de novo the trial court's application of the law to the facts. *See id.*

The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. CONST. amend. IV; *Limon v. State*, 340 S.W.3d 753, 756 (Tex. Crim. App. 2011) (citing *Illinois v. Rodriguez*, 497 U.S. 177, 179 (1990)). The Fourth Amendment's protections extend to occupants of a hotel room, *see Stoner v. California*, 376 U.S. 483, 490 (1964), and entry into a hotel room is a search for purposes of the Fourth Amendment, *see Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010). When the police conduct a warrantless search subject to the Fourth Amendment, the search is presumed unreasonable unless it falls within an exception to the warrant requirement. *Limon*, 340 S.W.3d at 756.

---

[3] Although no evidence was presented at the motion to suppress hearing about when the police found the GHB, the parties' briefs both state the GHB was found during the search made pursuant to the search warrant.

The emergency doctrine is a recognized exception to the warrant requirement, *Laney v. State*, 117 S.W.3d 854, 860 (Tex. Crim App. 2003) (citing *Mincey v. Arizona*, 437 U.S. 385, 392 (1978)), and it is the exception the State argues in this case. The emergency doctrine allows a police officer to make a warrantless entry and search when the officer has an immediate, reasonable belief that a person within is in need of immediate aid and the officer must act to protect or preserve life or avoid serious injury. *Id.* at 861 (quoting *Mincey*, 437 U.S. at 392).

> We have used an objective standard of reasonableness in determining whether a warrantless search is justified under the Emergency Doctrine. This objective standard looks at the police officer's conduct and "takes into account the facts and circumstances known to the police at the time of the search." Furthermore, we look to ensure that the warrantless search is "strictly circumscribed by the exigencies which justify its initiation."

*Id.* at 862 (internal citations omitted). The emergency doctrine is limited. It applies when police are acting in their community caretaking role, not their crime fighting role; the officer's "actions [must be] totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *Id.*

The evidence presented at the hearing established the police responded to an emergency phone call reporting a person was being held against his will by drug dealers early in the morning in a hotel room located in a high-crime area. When the officers arrived at the hotel room, their repeated knocks on the door and "police" announcements were unanswered. Additionally, the latch on the inside of the door was secured, indicating the room was occupied. Even after the officers unlocked the first lock on the door, no one came to the door. These circumstances reasonably raised Hernandez' suspicion of foul play.

Viewing the uncontested evidence in the light most favorable to the trial court's decision, a reasonable officer could have believed that a person was being held involuntarily and he immediately

needed to enter the hotel room to protect or preserve that person's life, or to avoid serious injury to that person. *See id.* at 861. The officers' intrusion was limited to acting as community caretakers, not crime fighters; they took no actions beyond determining whether a person in the room needed immediate aid. The officers did not search the room after entering until after they obtained a search warrant.

Looking at the officers' conduct and taking into account the facts and circumstances known to the officers, we cannot conclude the trial court erred by determining the officers were justified in making a warrantless entry into the hotel room. Thus, the trial court did not err by denying appellant's motion to suppress.

We overrule appellant's sole issue and affirm the trial court's judgment.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110504F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL JOSHUA BUSCHARDT,
Appellant

No. 05-11-00504-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No.
6 of Dallas County, Texas. (Tr.Ct.No. Cause
No. F09-72104-X).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 5, 2012.

_____
JIM MOSELEY
JUSTICE